UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RONY COMPERE, #16000339,

                      Plaintiff,

        -against-

CORPAL HARDY,

                     Defendant.
----------------------------------------------------------------X

**ORDER**
16-CV-1036 (JMA)(AYS)

**AZRACK, District Judge:**

      On February 25, 2016, incarcerated pro se plaintiff Rony Compere ("plaintiff") commenced this action against Nassau County Corrections "Corpal [sic] Hardy" ("defendant") pursuant to 42 U.S.C. § 1983 ("Section 1983"), purporting to allege a deprivation of his constitutional rights. Accompanying the complaint is an application to proceed in forma pauperis. Upon review of the declaration accompanying plaintiff's application to proceed in forma pauperis, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed in forma pauperis is granted. However, the complaint is sua sponte dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) for the reasons that follow.

### I.   BACKGROUND[1]

      Plaintiff's brief, handwritten complaint is submitted on the Court's Section 1983 complaint

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

1

form. In the statement of the claim in its entirety, plaintiff alleges:[2]

> January 26 excessive amounts of water started flowing through my cell & covering my cell. Everyday I had asked several correction officers C.O.'s for the mop bucket. In which most of all officers on duty was very aware of the flooded situation in my cell (E.1-B.13) as well as the cell next to me (E.1-B.12). My cell has to be mopped at least 5 to 6 times a day (everyday). On Jan. 31 2016 10:30 Corpral Hardy was on duty and opened the outer door an seen at least a foot of water on the floor leading to my cell. On Feb. 1st 7:00 A.M. waking up for count I slipped in my cell on the water, hitting my head, back & elbow on side bed, stool chair and the ground.

(Compl. ¶ IV.) In the space on the complaint form that calls for a description of any injuries suffered and medical treatment provided, plaintiff wrote "my head, back & elbow – 4 four motrens, ice pack and muscle relaxer." (Id. ¶ IV.A.) For relief, plaintiff seeks to "get proper back therapy and my head completely check out." (Id. at ¶ V.)

## II. DISCUSSION

### A. In Forma Pauperis Application

Upon review of plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed in forma pauperis is granted.

### B. Standard of Review

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the in forma

---

[2] Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

C.   **Section 1983**

Section 1983 provides that

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Second, "the conduct at issue must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. (internal quotation mark omitted); see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

Here, plaintiff does not include which constitutional right he was denied by the defendant. However, given his allegations and affording them a liberal construction, it appears that plaintiff seeks to allege a claim of cruel and unusual punishment. Such claims arise under the Eighth Amendment for convicted inmates or the Fourteenth Amendment in the case of a pre-trial detainee. See Whitley v. Albers, 475 U.S. 312, 318 (1986) ("The Cruel and Unusual Punishments Clause was designed to protect those convicted of crimes, and consequently the Clause applies only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions." (citation and internal quotation marks omitted)); Liggins v. Griffo, 356 F. App'x

4

537, 539 (2d Cir. 2009) ("Claims involving the conditions of pre-trial detention are properly analyzed under the Due Process Clause of the Fourteenth Amendment."). Plaintiff does not allege whether he is incarcerated as a convicted inmate or whether he is awaiting trial. Such distinction is insignificant because the standard for analyzing claims of cruel and unusual punishment is the same whether the claim arises under the Eighth or Fourteenth Amendment. Morrissette v. Cripps, 10-CV-8795, 2011 WL 4089960, at *3 n.3 (S.D.N.Y. Sept. 14, 2011) (noting that whether claims are brought under the Eighth Amendment or Fourteenth Amendment, "[i]n either case, the standards to be applied are identical.") (citing Caiozzo v. Koreman, 581 F.3d 63, 72 (2d Cir. 2009)).

**D. Cruel and Unusual Punishment Claim**

A prison official violates the Cruel and Unusual Punishments Clause of the Eighth Amendment or the Due Process Clause of the Fourteenth Amendment when his conduct involves the "'unnecessary and wanton infliction of pain.'" Whitley v. Albers, 475 U.S. 312, 319 (1986) (quoting Ingraham v. Wright, 430 U.S. 651, 670 (1977)). To state a plausible cruel and unusual punishment claim, the plaintiff must allege: (1) that the alleged deprivation is sufficiently serious under an objective standard; and (2) that the charged officials acted with a sufficiently culpable state of mind. Hudson v. McMillian, 503 U.S. 1, 8 (1992). District courts within the Second Circuit have held that allegations of wet conditions leading to a slip and fall do not invoke the Constitution and thus will not support a Section 1983 claim. See, e.g., Baptiste v. Nassau Cnty. Jail, 15-CV-0870, 2015 WL 1877717, at *4 (E.D.N.Y. Apr. 23, 2015); Edwards v. The City of New York, No. 08-CV-05787, 2009 WL 2596595, at *3 (S.D.N.Y. Aug. 24, 2009) ("[C]ourts have held that allegations of wet conditions leading to a slip-and-fall will not support a Section 1983 claim even where, as here, the plaintiff also alleges that the individual defendants had notice of the

5

wet condition but failed to address it."); Jennings v. Horn, No. 05-CV-9435, 2007 WL 2265574, at *5 (S.D.N.Y. Aug. 7, 2007) ("[S]lippery prison floors, at best, pose a claim of negligence, which is not actionable under the United States Constitution.").

Thus, plaintiff's slip and fall claim does not implicate a constitutional deprivation. At best, plaintiff has alleged a negligence claim. Daniels v. Williams, 474 U.S. 327, 330−31 (1986) (negligence claims do not rise to the level of a constitutional violation); see also Powers v. Gipson, No. 04-CV-6883, 2004 WL 2123490, at *2 (W.D.N.Y. Sept. 14, 2004) (sua sponte dismissing in forma pauperis complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, explaining that "[t]he claim that defendants were negligent in failing to clean up the water that caused plaintiff to slip, without more, fails to provide him with a basis for a federal claim, since mere negligence on the part of state officials is not actionable under § 1983"). Accordingly, plaintiff has not alleged a plausible Section 1983 claim. Such claim is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted.

Having dismissed plaintiff's federal claim, the Court declines to exercise supplemental jurisdiction over any remaining state common law negligence claim he may have and plaintiff may pursue any such claim in state court. See Sylla v. City of New York, 04-CV-5692, 2005 WL 3336460, at *8 (E.D.N.Y. Dec. 8, 2005).

### III. CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed in forma pauperis is granted, but his Section 1983 claim is sua sponte dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(ii), 1915A(b)(1) for failure to state a claim for relief. This dismissal is without prejudice to plaintiff pursuing any state common law negligence claim he may have against the defendant in state court. The Clerk of the Court is directed to mail a copy of this Order to the plaintiff at his last known

address and to mark this case closed.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444−45 (1962).

**SO ORDERED.**

Dated:  April 19, 2016
Central Islip, New York

                                          /s/ JMA
                                JOAN M. AZRACK
                                 UNITED STATES DISTRICT JUDGE